UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYISHA G. OGLIVIE,

                    Plaintiff,

      -v-

SPAR MARKETING FORCE, INC.,

                  Defendant.

CIVIL ACTION NO. 25 Civ. 3436 (VSB) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE VERNON S. BRODERICK**, United States District Judge:

Pro se Plaintiff Ayisha G. Oglivie ("Ms. Oglivie") brought this action against her former employer, Defendant Spar Marketing Force, Inc. ("SPAR"), pursuant the Americans with Disabilities Act, 42 U.S.C § 12101 et seq. ("ADA"), asserting claims for employment discrimination and retaliation (the "ADA Claims"). (Dkt. No. 1). On November 19, 2025, the Court, by Opinion and Order, (i) granted SPAR's motion to compel arbitration pursuant to the parties' arbitration agreement; (ii) compelled Ms. Oglivie to arbitrate the ADA Claims; (iii) stayed the action during the pendency of the parties' arbitration; and (iv) ordered SPAR to file a joint letter setting forth the status of the arbitration by January 20, 2026, and every 60 days thereafter until the arbitration has concluded. (Dkt. No. 22 (the "Nov. 19 O&O")). The Clerk of Court mailed a copy of the Nov. 19 O&O to Ms. Oglivie. (Dkt. Entry dated Nov. 20, 2025). On January 20, 2026, SPAR filed a letter informing the Court that Ms. Oglivie has not yet initiated any arbitration proceeding against SPAR. (Dkt. No. 23 (the "Letter")). On January 21, 2026, the Court ordered Ms. Oglivie to file a response to the Letter by February 19, 2026. (Dkt. No. 24 (the "Jan. 21 Order")). The Clerk of Court mailed a copy of the Jan. 21 Order to Ms. Oglivie. (Dkt. Entry dated Jan. 22, 2026).

On February 25, 2026, Ms. Oglivie having not filed a response to the Letter, the Court sua sponte extended her deadline to file it to March 11, 2026 and warned her that failure to timely file a response to the Letter "may result in the undersigned recommending that the Court dismiss this action for failure to prosecute."  (Dkt. No. 26 (the "Feb. 25 Order")).  The Clerk of Court mailed a copy of the Feb. 25 Order to Ms. Oglivie.  (Dkt. Entry dated Feb. 26, 2026).  To date, despite the Court's warning, Ms. Oglivie has still not filed a response to the Letter.

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  A district court may also dismiss an action sua sponte for failure to prosecute under Rule 41(b).   See Murray v. Smythe, No. 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  In determining whether to do so, the Court considers (i) the duration of the plaintiff's failure to comply with court orders, (ii) whether she received notice that further delay would result in dismissal, (iii) defendants' prejudice from further delay, (iv) the efficacy of lesser sanctions, and (v) the balance between "alleviat[ing] court calendar congestion" and protecting the plaintiff's right to due process.  Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (quoting Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)).

Here, considering the factors noted above, the Court concludes that Ms. Oglivie has failed to prosecute the action.  Ms. Oglivie, as the affirmative litigant, bears the burden of prosecuting her case, and yet has ignored and failed to comply with the Nov. 19 O&O, which compelled her to arbitrate the ADA Claims; the Jan. 21 Order, which required her to respond to the Letter; and Feb. 25 Order, which sua sponte extended her deadline to respond to the Letter.  (Dkt. Nos. 22;

24; 26).  The Court warned Ms. Oglivie that failure to timely respond to the Letter may result in a recommendation of dismissal to the Honorable Vernon S. Broderick for failure to prosecute, (Dkt. No. 26), and yet Ms. Oglivie still ignored the Court's orders and failed to respond to the Letter.  This is sufficient to warrant dismissal for failure to prosecute.  See Chidume v. Greenburgh-North Castle Union Free Sch. Dist., No. 18 Civ. 1790 (PMH), 2021 WL 195948, at *2–3 (S.D.N.Y. Jan. 20, 2021) (dismissing case for failure to prosecute under Rule 41(b) where plaintiff failed to comply with two Court orders and was previously warned that failure to comply would result in dismissal); accord Hernandez v. Stallex Skin Care, Inc., No. 23 Civ. 3085 (RA), 2023 WL 5580679, at *2 (S.D.N.Y. Aug. 28, 2023).

Given the early stage of this case, the "less drastic" sanction of dismissal without prejudice is warranted.  See, e.g., Hernandez, 2023 WL 5580679, at *2; Gluck v. Equifax, No. 19 Civ. 9030 (RA), 2021 WL 308556, at *2 (S.D.N.Y. Jan. 29, 2021).

Accordingly, we respectfully recommend that this action be dismissed without prejudice pursuant to Rule 41(b).

Dated:      New York, New York
            March 17, 2026                      SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

\*                    \*                    \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)

and Rule 72(b) of the Federal Rules of Civil Procedure.  <u>See also</u> Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any request for an extension of time for filing objections must be addressed to Judge Broderick.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  If Ms. Oglivie does not have access to cases cited in this Report and Recommendation that are reported on Westlaw, she may request copies from SPAR's counsel.  <u>See</u> Local Civ. R. 7.2.

4