UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
AYISHA G. OGLIVIE,                                      :
                                                        :
                                                        :
                              Plaintiff,                :
                                                        :           25-CV-3436 (VSB) (SLC)
                 - against -                            :
                                                        :           **OPINION & ORDER**
                                                        :
SPAR MARKETING FORCE, INC,                              :
                                                        :
                              Defendant.                :
                                                        :
--------------------------------------------------------X

Appearances:

Ayisha G. Oglivie
720 West 170th Street #1D
New York, NY
*Pro Se Plaintiff*

William Harris Lagrange
Barnes & Thornburg LLP
390 Madison Avenue
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On April 24, 2025, *pro se* Plaintiff Ayisha G. Oglivie ("Plaintiff" or "Oglivie") filed this

action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), against

Defendant Spar Marketing Force, Inc., ("Defendant" or "Spar").  (Doc. 1.)  On August 5, 2025,

Defendant filed a motion to compel arbitration, (Doc. 13), along with an accompanying

memorandum of law, (Doc. 15), and a declaration from Michelle Meldrum, (Doc. 14).  On

September 8, 2025, I issued an order referring this case to Magistrate Judge Sarah L. Cave for

general pretrial management.  (Doc. 18.)  Plaintiff never filed an opposition to Defendant's

motion despite multiple orders from Judge Cave setting and extending deadlines to respond. (Docs. 19–21.)  On November 19, 2025, Judge Cave issued an Opinion & Order granting Defendant's motion to compel arbitration.  (Doc. 22.)  Judge Cave also stayed this action during the pendency of arbitration, (*id.* at 13), and required the parties to file a joint letter regarding the status of the arbitration on January 20, 2026 and every 60 days thereafter, (*id.*).

On January 20, 2026, Defendant filed a letter noting that Plaintiff had yet to commence arbitration proceedings.  (Doc. 23.)  On January 21, 2026, Judge Cave issued an endorsement requiring Plaintiff to file a response by February 19, 2026.  (Doc. 24.)  On February 25, 2026, Judge Cave issued an order extending Plaintiff's time to respond to March 11, 2026 as a one-time courtesy and noting that Plaintiff's failure to respond may result in a recommendation that the case be dismissed for failure to prosecute.  (Doc. 26.)

On March 17, 2026, Judge Cave issued a well-reasoned and thorough Report & Recommendation suggesting that I dismiss this case for failure to prosecute without prejudice under Federal Rule of Civil Procedure 41(b).  (Doc. 27 ("Report").)  Judge Cave reasoned that "Ms. Oglivie has failed to prosecute the action," because she "has ignored and failed to comply with the Nov. 19 O&O, which compelled her to arbitrate the ADA Claims; the Jan. 21 Order, which required her to respond to the Letter; and Feb. 25 Order, which *sua sponte* extended her deadline to respond to the Letter."  (*Id.* at 2.)  Plaintiff was warned that her failure to respond could result in a recommendation of dismissal, and this warning was ignored.  (*Id.* at 3.)  Therefore, Magistrate Judge Cave recommended dismissal without prejudice, given the early stage of the case.  (*Id.*)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report

and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Report 3–4 (capitalization altered)), neither party filed any objection or requested additional time to do so.  I have reviewed Magistrate Judge Cave's detailed and well-reasoned Report for clear error and, after careful review, find none.  I therefore ADOPT the Report in its entirety.

It is hereby ORDERED that this action is dismissed for failure to prosecute without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

Dated: April 17, 2026
New York, New York

Vernon S. Broderick
United States District Judge

3